UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| FRED C. LOLLIS and ROSEMARY A. LOLLIS, | ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 15-CV-0595-CVE-FHM |
| BETTY FRITZ, | ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court are plaintiffs' Complaint (Dkt. # 1) and plaintiffs' Motion for Leave to Proceed In Forma Pauperis and Supporting Affidavit (Dkt. # 2). Plaintiffs Fred and Rosemary Lollis, proceeding pro se, allege that defendant Betty Fritz put a hold on their mail without giving notice to plaintiffs. Dkt. # 1, at 1-2. It appears that plaintiffs are asking the Court to impose criminal penalties on Fritz, and they do not request any relief typically associated with a civil case. Plaintiffs are proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe their pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002). However, this does not mean that the Court can function as an advocate for plaintiffs and the Court may not attempt to construct a claim for plaintiffs. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts

demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

Plaintiffs' Complaint alleges that the Court has jurisdiction to hear this case under 18 U.S.C. § 1703. Section § 1703 is a federal criminal statute that makes it a crime for a postal employee to delay the delivery of or destroy mail. Under 28 U.S.C. § 1331, a claim invoking federal jurisdiction may be dismissed "if it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" Arbaugh v. Y&H Corp., 546 U.S. 500, 513 n.10 (2006) (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)). Plaintiffs cite § 1703 as a basis for their claims and this Court's jurisdiction. However, § 1703 is a criminal statute and it does not provide a basis for a federal court to exercise jurisdiction over a civil case. The law is also clear that there is no private right of action under this statute. Woods v. McGuire, 954 F.2d 388, 391 (6th Cir. 1992). Even if there were a private right of action, plaintiffs do not allege that Fritz is an employee of the United States Postal Service, and this is an essential element of a criminal charge under § 1703. There is no colorable federal law claim alleged in the Complaint, and the

Court does not have federal question jurisdiction over this case. Plaintiffs have not alleged that the parties are diverse or that the amount in controversy exceeds $75,000, and there is no possibility that the Court could exercise diversity jurisdiction under 28 U.S.C. § 1332(a). The Court finds that the case should be dismissed for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that plaintiffs' claims are **dismissed for lack of subject matter jurisdiction**. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Leave to Proceed In Forma Pauperis and Supporting Affidavit (Dkt. # 2) is **moot**.

**DATED** this 16th day of October, 2015.

*[Signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE